UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**STEVEN ROBINSON**,

        Plaintiff,

        Case No.

v.

        Hon.

**ROBERTS HOTELS**
**MANAGEMENT DETROIT, LLC,**
**and MICHAEL V. ROBERTS JR.**,

        Defendants.

**GOLD STAR LAW, P.C.**
**David A. Hardesty (P38609)**
**Caitlin E. Malhiot (P76606)**
**Armin Halilovic (P78042)**
Attorneys for Plaintiff
2701 Troy Center Dr., Ste. 400
Troy, MI 48084
(248) 275-5200
*dhardesty@goldstarlaw.com*
*cmalhiot@goldstarlaw.com*
*ahalilovic@goldstarlaw.com*

## COMPLAINT

Plaintiff, Steven Robinson, through his attorneys, Gold Star Law, P.C., for his Complaint states as follows:

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Steven Robinson, is an individual residing in Detroit, Wayne County, Michigan.

2. Defendant, Roberts Hotels Detroit, LLC ("RHD"), is a Missouri limited liability company registered to conduct business in Michigan.

3. Defendant, Michael V. Roberts Jr., is RHD's resident agent and personally conducts business in Detroit, Michigan.

4. This action arises under the Fair Labor Standards Act of 1938 ("FLSA") 29 USC § 201, *et seq.*, and jurisdiction of this Court is invoked pursuant to 28 USC § 1331.

5. Defendants conduct business within this judicial district, a substantial part of the events giving rise to the claim occurred in this judicial district, and venue is proper in this court pursuant to 28 USC § 1391.

## FACTUAL ALLEGATIONS

6. Defendant RHD owns and operates the Roberts Riverwalk Hotel & Residence in Detroit, Michigan.

7. Defendant Michael V. Roberts Jr. is the resident agent, member and manager of RHD, and is responsible for managing RHD's day-to-day operations and setting RHD's compensation policies.

8. Defendants employed Plaintiff as a maintenance person from October 24, 2012 until July 10, 2014.

9.  Plaintiff's daily job duties included performing minor and major repairs to the building's heating and cooling systems, cleaning the building, conducting deliveries, and painting.

10. Plaintiff worked an average of 52 hours per week throughout his employment with Defendants.

11. Defendants compensated Plaintiff on a salary basis at a rate of $538.46 per week, giving Plaintiff an effective hourly rate of $13.46.

12. Based on Plaintiff's effective rate of pay of $13.46 per hour, Defendants were required to compensate Plaintiff at 1 ½ times Plaintiff's effective hourly pay, or $20.19 per hour, for all hours worked in excess of 40 hours per week.

13. Defendants never compensated Plaintiff 1 ½ times Plaintiff's effective rate of pay for any hours worked in excess of 40 hours per week.

14. Plaintiff was not exempt from the overtime pay requirements of the FLSA.

15. All hours worked by Plaintiff, including overtime hours, were worked at the direction and with the sufferance of Defendants.

16. Defendants' failure to pay overtime in violation of the FLSA was willful, with knowledge, or with reckless disregard of the statutory overtime requirements.

## CAUSE OF ACTION
## VIOLATION OF THE FAIR LABOR STANDARDS ACT OF 1938

17. Plaintiff incorporates the allegations in the foregoing paragraphs as if fully stated herein.

18. Plaintiff is an "employee" within the coverage of the FLSA. 29 USC § 203(e).

19. Defendants are "employers" within the coverage of the FLSA. 29 USC § 203 (d).

20. Defendants are an enterprise engaged in commerce as defined by the FLSA and have revenues in excess of $500,000.00 per year.  29 USC § 203(s).

21. Pursuant to the FLSA, Defendants were required to pay Plaintiff 1 ½ Plaintiff's regular rate of pay for all hours worked in excess of 40 hours in a week. 29 USC § 207 (a).

22. Defendants failed to pay Plaintiff for any hours worked in excess of 40 hours per week, in violation of the FLSA.

23. An employer who violates the FLSA is liable to the employee for the difference between the amount paid to the employee and the amount that, but for the violation, would have been paid, plus an additional equal amount as liquidated damages and reasonable attorney fees. 29 USC § 216(b).

**WHEREFORE**, Plaintiff requests that this Court grant judgment in Plaintiff's favor and against Defendants, jointly and severally, in an amount to be

determined at trial, together with Plaintiff's costs and reasonable attorney fees incurred herein, interest at the statutory rate, and such other relief as the Court deems just and equitable.

                                        Respectfully submitted,

                                        **GOLD STAR LAW, P.C.**

                                        */s/  Armin Halilovic*
                                        **David A. Hardesty (P38609)**
                                        **Caitlin E. Malhiot (P76606)**
                                        **Armin Halilovic (P78042)**
                                        Attorneys for Plaintiff
                                        2701 Troy Center Dr., Ste. 400
                                        Troy, MI 48084
                                        (248) 275-5200

Dated: October 8, 2014